**SOUTHERN DEVELOPMENT CO., INC., v. GRECO**

—

(July 2, 1928. Opinion and Decree.)
(August 13, 1928. Rehearing Refused.)
(October 20, 1928. Decree Supreme Court Writ Denied.)

—

Bernard Titche, Jr., of New Orleans, attorney for plaintiff, appellee.

Eugene Hayford, of New Orleans, attorney for defendant, appellant.

JONES, J. The defendant, Constant Greco, on February 21, 1927, purchased from plaintiff, Southern Development Co., Inc., certain property in the State of Mississippi for nine thousand, five hundred ninety-five dollars, payable nineteen hundred nineteen dollars cash and nineteen hundred nineteen dollars represented by four promissory notes of like amount, payable six, twelve, eighteen and twenty-four months from the said date in accordance with the deed of trust made part of the petition. Plaintiff herein sues on the first

note via ordinaria, reserving its right under the attached deed of trust. The note, dated February 21, 1927, for one thousand nine hundred nineteen dollars, which is also attached to the petition, and is signed by defendant, is an unconditional promise to pay the sum claimed to order of plaintiff in New Orleans six months after date with interest at the rate of six per cent per annum until paid. Across the face of the note just above signature are the words, "Secured by deed of trust on Floral Estate Lots." In the trust deed defendant conveys to a third party, the lots purchased in trust to secure the above described four purchase notes which are copied in extenso in the deed.

Defendant, in his answer, pleads failure of consideration for the notes, alleging that under the date of August 30, 1926, he agreed to purchase the said property which was consummated by the transaction of February 21, 1927, above stated, and that in the said agreement of August 30, 1926, the vendor guaranteed to resell the property for defendant at a profit, so that the purchaser and maker of the notes sued on herein would realize sufficient funds from the resale to pay the notes as they matured. There is no charge of fraud.

Plaintiff then filed a rule for judgment on the pleadings which was dismissed after long consideration. Plaintiff urges the rule again, but we prefer to settle the matter on the entire record.

The record contains three documents designated, Judge One, Judge Two and Judge Three.

"Judge One" is an offer to and agreement by defendant with Rhodes & Symmes, real estate agents, dated August 30, 1926, for the purchase of certain properties described therein, signed by Constant Greco, defendant, and by Rhodes & Symmes, Agents. The contract is typed on two pages and contains usual stipulation in such contract. The last paragraph of the said document was an authorization to Rhodes & Symmes to re-sell the property on certain terms, but said authorization has been scratched out.

On the second page of this document after the signature is a receipt, dated same day, for one thousand, nine hundred eighteen dollars, signed by T. J. Kercheval for Rhodes & Symmes.

"Judge Three" is a one page document, legal size paper (the same size sheet as Judge One) and has at the very top of the sheet an authorization by Constant Greco to Rhodes & Symmes to sell the property at the prices listed "below." Right below this is a list of the property with the prices at which it is estimated land could be sold. There is computed on the document the purchase price of the property which is deducted from the sale price as shown thereon and the estimated profit is shown. This document is dated September 28, 1926.

"Judge Two" is a combination of documents "Judge One" and "Judge Three." It contains the contract to purchase but in between pages one and two is inserted a third page which is almost the same as "Judge Three" but differs in several small particulars.

The plaintiff offered no testimony save the note, but Mr. Joseph Les Rhodes, its president, was called to the stand on cross-examination under the Act. Counsel for defendant attempted to show that Mr. Rhodes had signed the contract known as Judge Two under the theory, apparently, that the middle sheet thereof contained a guarantee of the Southern De-

velopment Co., Inc., to re-sell the lots at prices shown thereon.

Mr. Rhodes denied signing the contract Judge Two, with the memorandum of re-sale values, but stated that he signed the document referred to as Judge One, which is just the ordinary contract for the purchase and sale of real estate. Mr. Rhodes then testified that at some subsequent date, to-wit: September 28, 1926, an agreement was entered into for the re-sale of the property.

Defendant says that he bought the land expecting to make a profit on the transaction and that up to the time of this suit he had not been able to sell any of it, that the re-sale was an essential part of the contract and all parts were signed at once.

Kircheval, the real estate agent, who signed receipt testified that the document Judge Two had the middle sheet in it at the time when it was signed, but upon cross-examination he stated that it was his opinion that the autthorization for the re-sale of the property was signed at the same time that the original contract to purchase was, whereas the document itself shows it was signed some months later. He does not explain the differences in the second page of Judge Two from those in Judge One.

Bell, another employee for Rhodes & Symmes, testified that document Judge Two was the real contract of sale and he thought Kercheval drew it up and submitted it to Rhodes & Symmes before it was signed.

We agree with the trial judge that defendants have failed to sustain his alleged defense for following reasons:

(1) The note sued is dated February 21, 1927, and the alleged contract of sale in the document Judge Two is dated August 30, 1926, nearly six months before.

(2) The alleged contract of August 26th is signed by Rhodes & Symmes, agents, whereas the note is made payable to the Southern Development Co., Inc., and there is no proof of identity of these legal entities.

(3) Even if the middle page of Judge Two be considered as part of the sale contract, a conclusion by no means proved, it is merely an authorization to sell the lots at certain increased profits. It is not a guarantee of any kind, nor does it make the re-sale of the lots a condition precedent to payment of notes.

For above reasons the judgment is affirmed.